**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ELISA M. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:08-cv-00671-RCJ-VPC |
| vs. | ) | |
| | ) | |
| PINNACLE FINANCIAL CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of the foreclosure of Plaintiff's mortgage. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court are a motion to strike the Second Amended Complaint ("SAC"), a motion to amend the First Amended Complaint ("FAC"), and a motion to dismiss.

On October 18, 2006, Plaintiff Elisa M. Ortiz gave first and second mortgages to Pinnacle Financial Corp. ("Pinnacle") for $239,920 and $59,980, respectively, in order to purchase a home at 5570 Fire Weed Ct., Sun Valley, NV 89433. (*See* First Note, Oct. 18, 2006, ECF No. 35, at 6; First Deed of Trust ("FDOT"), Oct. 18, 2006, ECF No. 35, at 15; Second Note, Oct. 18, 2006, ECF No. 35, at 31; Second Deed of Trust ("SDOT"), Oct. 18, 2006, ECF No. 35, at 37). The original trustee was Stewart Title of Northern Nevada, and Mortgage Electronic Registration Systems ("MERS") was the "nominee." (FDOT; SDOT). The First Note represented a thirty-year first mortgage, fixed for three years at 6.75% with initial monthly

1  payments of $1556.12, but adjustable after three years and every six months thereafter, never to
2  exceed 12.75% and with no prepayment penalty. (*See* First Note 1–2).  The Second Note
3  represented a fifteen-year second mortgage, fixed at 10.5%, with monthly payments of $548.66
4  and with prepayment penalties. (*See* Second Note 1–4).  No notice of default ("NOD") appears
5  in the record, so the Court cannot assess the statutory propriety of any foreclosure.  However,
6  Plaintiff does not appear to attack the propriety of any foreclosure directly, but rather pursues
7  only affirmative causes of action.

8   Plaintiff sued Pinnacle, Countrywide Home Loans, Inc. ("Countrywide"), and GMAC
9  Mortgage ("GMAC") in state court on October 30, 2008.  Defendants removed.  Judge Brian E.
10 Sandoval denied Plaintiff's motion to remand because she had brought federal claims, and he
11 granted Countrywide's motion to dismiss (which GMAC had joined) because all of Plaintiff's
12 claims concerned alleged wrongdoing in loan negotiations, and Plaintiff did not allege any
13 Defendant but Pinnacle was involved in the lending. (*See* Order, Feb. 25, 2009, ECF No. 21).

14  Plaintiff then filed the FAC against the sole remaining Defendant (Pinnacle), and the
15 Clerk subsequently entered default against Pinnacle. (*See* Entry of Default, Nov. 18, 2010, ECF
16 No. 30).  Pinnacle has made no appearance in the case.  In the meantime, Plaintiff filed the SAC
17 to add Impac Mortgage Holdings, Inc. ("Impac") as a Defendant.  Impac moved to strike the
18 SAC for failure to seek leave to amend and separately moved to dismiss the SAC.  Plaintiff
19 moved retroactively to amend.

20  At oral argument it became clear that Plaintiff had voluntarily dismissed the only party
21 that filed the motions to strike and to dismiss (Impac).  Plaintiff also noted that the only reason
22 for her motion to amend was to add the now-dismissed party, so she withdrew the motion.
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 32), the Motion to Dismiss (ECF No. 34), and the Motion to Extend Time (ECF No. 40) are DENIED as moot. The Motion to Amend (ECF No. 36) has been WITHDRAWN.

IT IS SO ORDERED.

Dated this 18th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge