**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ELISA M. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:08-cv-00671-RCJ-VPC |
| vs. | ) | |
| | ) | |
| PINNACLE FINANCIAL CORP. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case arises out of the foreclosure of Plaintiff's mortgage. Pending before the Court is a motion for default judgment. For the reasons given herein, the Court denies the motion and remands.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Elisa M. Ortiz sued Pinnacle Financial Corp. ("Pinnacle"), Countrywide Home Loans, Inc. ("Countrywide"), and GMAC Mortgage ("GMAC") in state court on October 30, 2008 on causes of action pertaining to loan malfeasance, but not directly related to any foreclosure malfeasance. Defendants removed. Judge Brian E. Sandoval denied Plaintiff's motion to remand because she had brought federal claims, and he granted Countrywide's motion to dismiss (which GMAC had joined) because all of Plaintiff's claims concerned alleged wrongdoing in loan negotiations, and Plaintiff did not allege any Defendant but Pinnacle was involved in the lending. (*See* Order, Feb. 25, 2009, ECF No. 21). Plaintiff then filed the First

1  Amended Complaint ("FAC") against the sole remaining Defendant, Pinnacle, and the Clerk

2  entered default against Pinnacle. (*See* Entry of Default, Nov. 18, 2010, ECF No. 30).  The FAC

3  lists eleven claims, including some based upon federal law.  On March 8, 2012, the Clerk warned

4  Plaintiff that it would apply to the Court for dismissal for lack of prosecution if no action were

5  taken in thirty days.  Plaintiff then filed the present motion for a default judgment for a sum

6  certain of $80,520, plus interest.

7     At oral argument, which Pinnacle did not attend, Plaintiff argued that the only claims

8  remaining were state-law claims and noted that the Court should remand because of intervening

9  case law since Judge Sandoval denied the previous motion to remand.  The Court obtained

10 counsel's assurance that no federal claims remained.  The Court notes that the suit satisfies the

11 jurisdictional amount for diversity actions under 28 U.S.C. § 1332(a); however, Pinnacle's

12 citizenship is unclear, and a now-dismissed Defendant removed the case purely under § 1331.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that the case is REMANDED.  All federal-law-based claims are DISMISSED to the extent they may have survived thus far.

IT IS SO ORDERED.

Dated this 9th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge